**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

DAVID LADNER et al.,

Plaintiffs,

v.                                                                  No. 05-CV-771
                                                                        (NAM/DRH)

SUPER STEEL SCHENECTADY, INC. et al.,

Defendants.

---

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER

Plaintiffs commenced this action on June 20, 2005 alleging that plaintiff David
Ladner ("Ladner") suffered injuries as a result of the negligence of defendants.  Compl.
(Docket No. 1).  Defendants answered and a discovery order was entered.  Docket Nos. 3,
8.  Ladner, who resides in Mississippi, resisted appearing for an oral deposition in the
Northern District of New York.  Docket No. 9.  However, Ladner failed to show any cause
why his deposition should be scheduled closer to his residence or by a means other than in-
person and Ladner was ordered to appear for a deposition by defendants.  Docket No. 12.
Ladner failed to appear for his deposition and a second order compelling him to appear was
entered.  Docket No. 15.  The second order specified the date, time, and place for that
deposition and warned Ladner that if he again failed to appear, sanctions could be imposed
including dismissal of the action.  Id.

Ladner again failed to appear or to demonstrate any good cause for that failure.  A
telephone conference was held on-the-record with counsel for all parties on June 19, 2006.
Defendants moved to dismiss the action for Ladner's repeated failures to appear for

deposition.  Ladner's counsel advised that Ladner asserted medical reasons why he could not travel to New York for his deposition but acknowledged that Ladner had provided no medical support for his claim.

Accordingly, on the record before the Court, it appears that Ladner has twice been ordered to appear for deposition, has twice failed to appear, has never offered sufficient or documented reasons for his failure to appear, and was on notice that his failure to appear could result in the dismissal of this action.  Moreover, Ladner's failure to appear for a deposition has denied defendants evidence critical to their defenses such that any sanction short of dismissal of the action is inadequate to address the prejudice to defendants from Ladner's failure to appear for deposition.  It is also noted that the claim of plaintiff Judy Ladner is derivative of and dependent on the success of Ladner's claims.

WHEREFORE, it is hereby

**RECOMMENDED** that the complaint in this action be **DISMISSED** with prejudice for the repeated failure of plaintiff David Lander to appear for deposition without good cause.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

DATED:  June 19, 2006
        Albany, New York

David R. Homer
United States Magistrate Judge

2